**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **MORGAN KUKOVEC**, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | Removal from the Circuit Court of DeKalb County, Illinois, Case No. 2022-LA-000015 |
| v. | |
| **THE ESTÉE LAUDER COMPANIES INC.**, | |
| Defendant. | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Estée Lauder Companies, Inc. ("Estée Lauder") removes to the United States District Court for the Northern District of Illinois, the civil action pending against it in the Circuit Court of DeKalb County, Illinois, and in support thereof, states as follows:

1.      On February 15, 2022, Plaintiff Morgan Kukovec ("Plaintiff") filed a two-count Biometric Information Privacy Act ("BIPA") putative class action ("Complaint") in the Circuit Court of DeKalb County, Illinois, entitled *Morgan Kukovec, individually and on behalf of all others similarly situated v. The Estée Lauder Companies, Inc.*, Case No. 2022-LA-000015 (the "State Court Action"). Plaintiff served the Summons and Complaint on Estée Lauder on February 18, 2022.

2.      In compliance with 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action is attached as **Exhibit A**.

3.      Removal is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), which is the jurisdictional grant created by the Class Action

Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil action in which the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.*, minimal diversity). *See* 28 U.S.C. § 1332(d). These requirements are all met here.

4.     The Notice of Removal is timely because it was filed within 30 days of February 18, 2022, which is the date Estée Lauder was served with the Summons and Complaint.

**VENUE IS PROPER**

5.     The Circuit Court of DeKalb County, Illinois, is located within the United States District Court for the Northern District of Illinois. 28 U.S.C. § 93(a)(2). Therefore, venue is proper in this Court because it is the "district embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**ALL REQUIREMENTS FOR CAFA DIVERSITY JURISDICTION ARE MET**

6.     CAFA authorizes removal, *inter alia*, of any civil action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "is a class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A).

7.     A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8.     Here, the Complaint pleads that Plaintiff and each putative class member used Estée Lauder's "Virtual Try-On tool" which allegedly "operates by capturing the facial geometry of

users' photos, regardless of whether the photo is taken by web or phone camera while using the Virtual Try-On tool, uploaded to the tool, or captured via a live web or phone camera feed." (Exhibit A, Compl. ¶¶ 23, 35-36, 48, 60). It asserts two claims under BIPA on behalf of a putative class of, "All persons whose biometric identifiers were captured by Defendant through use of the Virtual Try-On tool on Defendant's websites, including toofaced.com, maccosmetics.com, smashbox.com, esteelauder.com, and bobbibrowncosmetics.com, while residing in Illinois from five (5) years preceding the date of the filing of this action to the present." (*Id*. at ¶ 41). Accordingly, this action is properly considered a "class action" under CAFA.

9.      The Complaint alleges that Plaintiff is a citizen of Illinois and that Estée Lauder is a Delaware corporation with its principal place of business in New York, New York. (*Id*. at ¶¶ 2-3).  Accordingly, CAFA's diversity requirements are satisfied.

10.     The amount in controversy aggregated across the claims of the purported class members also satisfies CAFA, as it "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). Since Plaintiff seeks $5,000 in statutory damages for *each* willful or reckless violation of BIPA, it is plausible that Plaintiff seeks to recover that amount each time she or a putative class member used the "Virtual Try-On tool." If the Court were to assume based on the allegations of the Complaint that each individual user of an alleged "Virtual Try-On tool" on any of the websites and for any of the brands identified in the Complaint received one alleged scan of his or her facial geometry multiplied by statutory damages of $5,000 per alleged scan, then any class plausibly comprised of more than 1,000 visitors would satisfy CAFA's amount in controversy requirement. The web site statistics for the websites identified in paragraph 17 of the Complaint (toofaced.com, maccosmetics.com, smashbox.com, esteelauder.com, and bobbibrowncosmetics.com) indicate that more than 1,000 unique visitors with IP addresses

associated with geographic locations in Illinois have engaged with the "Virtual Try-On tool" within the putative class period of five years preceding the date of filing. *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (plaintiff's complaint "can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members" used the fingerprint scanner).

11. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the amount in controversy requirement for jurisdictional purposes. (Exhibit A, Compl., at ¶¶ 70(c)-(f).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

12. To be clear, Estée Lauder denies any violation of BIPA, denies that Plaintiff or the putative class members are entitled to a "per scan" measure of damages under BIPA, and denies the validity and merit of Plaintiff's claims in its entirety. But, for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *See Sabrina Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

13. Under CAFA, Estée Lauder need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof."

*Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury* [*Indem. Co. v. Red Cab. Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

## RESERVATION OF RIGHTS

14.     Estée Lauder's filing of this Notice of Removal is not intended, or should be construed, as any type of express or implied admissions by Estée Lauder of any fact, or the validity or merits of any of Plaintiff's claims and allegations, or of any liability, all of which Estée Lauder hereby expressly denies, or as any type of express or implied waiver or limitation of any of Plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

15.     Under 28 U.S.C. § 1446(d), Estée Lauder will promptly give written notice of the filing of the Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for DeKalb County, Illinois.

WHEREFORE, Defendant The Estée Lauder Companies, Inc., respectfully requests that this litigation be removed from the Circuit Court of DeKalb County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: March 18, 2022          Respectfully submitted,

THE ESTÉE LAUDER COMPANIES, INC.

/s/ Gregory E. Ostfeld
   Gregory E. Ostfeld
   Christopher A. Mair
   **GREENBERG TRAURIG, LLP**
   77 West Wacker Drive, Suite 3100
   Chicago, Illinois 60601
   Tel: 312-456-8400
   Fax: 312-456-8435
   Email: ostfeldg@gtlaw.com
   Email: mairc@gtlaw.com

   *Attorneys for The Estée Lauder*
   *Companies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 18, 2022, he or she filed the foregoing

***Notice of Removal*** electronically with the Clerk of Court using the ECF system, and served the

***Notice of Removal*** on the following via electronic mail and overnight delivery:

Elizabeth C. Chavez
Bret K. Pufahl
Kathleen C. Chavez
Robert Foote
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
ecc@fmcolaw.com
bkp@fmcolaw.com
kcc@fmcolaw.com
rmf@fmcolaw.com

Hassan A. Zavareei
Glenn E. Chappell
Allison W. Parr
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
hzavareei@tzlegal.com
gchappell@tzlegal.com
aparr@tzlegal.com

/s/ Gregory E. Ostfeld
*Attorneys for The Estée Lauder Companies, Inc.*

# EXHIBIT A

## STATE OF ILLINOIS, CIRCUIT COURT

DeKalb **COUNTY**

**SUMMONS**

For Court Use Only

**Instructions ▼**

| | |
|---|---|
| Enter above the county name where the case was filed. | Morgan Kukovec, et. al. |
| | **Plaintiff / Petitioner** (First, middle, last name) |
| Enter your name as Plaintiff/Petitioner. | |
| | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | The Estée Lauder Companies Inc. |
| | **Defendant / Respondent** (First, middle, last name) |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) |

**2022LA000015**

**Case Number**

| | |
|---|---|
| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
| | E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. |
| | Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help. |
| | If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

**1.** **Defendant/Respondent's address and service information:**

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. Defendant/Respondent's primary address/information for service: <br> Name (First, Middle, Last): The Estée Lauder Companies Inc. <br> Registered Agent's name, if any: The Prentice-Hall Corporation System, Inc. <br> Street Address, Unit #: 251 Little Falls Drive <br> City, State, ZIP: Wilmington, DE 19808 <br> Telephone: (302) 636-5400    Email: |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: <br> Name (First, Middle, Last): <br> Street Address, Unit #: <br> City, State, ZIP: <br> Telephone:    Email: |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent: <br> ☐ Sheriff    ☐ Sheriff outside Illinois: _____ <br> *County & State* <br> ☑ Special process server    ☐ Licensed private detective |

| In **2**, enter the amount of money owed to you. |
|---|

**2.** Information about the lawsuit:

Amount claimed: > $ 50,000.00

| In **3**, enter your complete address, telephone number, and email address, if you have one. |
|---|

**3.** Contact information for the Plaintiff/Petitioner:

Name *(First, Middle, Last):* Bret Pufahl, Esq., counsel for Plaintiff

Street Address, Unit #: 10 West State Street, Suite 200

City, State, ZIP: Geneva, IL 60134

Telephone: (630) 232-7450       Email: bkp@fmcolaw.com

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

---

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. |
|---|

**4.** Instructions for person receiving this *Summons (Defendant):*

☑ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:

Address: 133 W. State Street

City, State, ZIP: Sycamore, IL 60178

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response.* |
|---|

☐ b.  Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
　　　　*Date*　　　　　　*Time*　　　　　　　　　　　　*Courtroom*

In-person at:

_____
*Courthouse Address*　　*City*　　　　　　*State*　　*ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____
　　　　　　　*Call-in number for telephone remote appearance*

By video conference: _____
　　　　　　　　　　*Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
　　　　　　　　　　*Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
　*Website*

| In **4b**, fill out: • The court date and time the clerk gave you. • The courtroom and address of the court building. • The call-in or video information for remote appearances (if applicable). • The clerk's phone number and website. All of this information is available from the Circuit Clerk. |
|---|

| **STOP!** The Circuit Clerk will fill in this section. |
|---|

Witness this Date: 2/15/2022 12:44 PM

Clerk of the Court: _Lori Grubbs_ NO

| **STOP!** The officer or process server will fill in the Date of Service. |
|---|

This *Summons* must be served within 30 days of the witness date.

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

---

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>DeKalb ▼ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Morgan Kukovec, et. al.<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br><br>The Estée Lauder Companies Inc. | |
| | **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:

    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    And left it with: _____
                 *First, Middle, Last*

    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____

    and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

    ☐ On the Corporation's agent, _____
                             *First, Middle, Last*

    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address: _____

    City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: _____ $ _____
Miles _____      _____ $ _____
Total                 _____ $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

**FILED**
2/18/2022 1:53 PM
2022LA000015

## CERTIFICATE OF SERVICE

**IN THE CIRCUIT COURT OF DEKALB COUNTY, ILLINOIS**          Case #: **2022LA000015**

*Lori Grubbs*
Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

**Morgan Kukovec, Individually and on Behalf of all others similarly situated**

vs.

**The Estee Lauder Companies Inc.**

Plaintiff

Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

**Summons & Class Action Complaint; Exhibit(s)**

| | |
|---|---|
| PARTY SERVED: | **THE ESTEE LAUDER COMPANIES INC. C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC.** |
| PERSON SERVED: | **LYNANNE GARES, LITIGATION MANAGEMENT SERVICES LEADER** |
| METHOD OF SERVICE: | **Corporate** - By leaving copies with the person identified above, apparently in charge at the office or usual place of business. I informed him/her of the general nature of the papers. |
| DATE & TIME OF DELIVERY: | **02/18/2022 at 12:10 PM** |
| ADDRESS, CITY AND STATE: | **251 LITTLE FALLS DR, WILMINGTON, DE 19808** |
| DESCRIPTION: | Race: **White**   Sex: **Female**   Age: **45** |
| | Height: **5'6"**   Weight: **150**   Hair: **Brown**   Glasses: **No** |

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true. Executed on 2/18/2022.

Signature: *Ramona Talvacchio*
Ramona Talvacchio

**FILED**
2/15/2022 12:44 PM
2022LA000015

*Lori Grubbs*
Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

## IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL DISTRICT
## DEKALB COUNTY, ILLINOIS

MORGAN KUKOVEC, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED,

    *Plaintiff,*

v.

THE ESTÉE LAUDER COMPANIES INC.,

    *Defendant.*

**Case No.:**    2022LA000015

**Judge:**

**JURY TRIAL DEMANDED**

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (b)

The undersigned, one of the attorneys for the Plaintiff herein, being first duly sworn upon oath, states that to the best of his knowledge, information and belief formed after a reasonable inquiry, to the extent such inquiry is possible based upon current facts and circumstances, that the total money damages sought herein exceed Fifty Thousand Dollars ($50,000.00).

FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC

Bret K. Pufahl, Esq., One of Plaintiffs' Attorneys

Subscribed and Sworn to before me
on February 15, 2022.

Notary Public

"OFFICIAL SEAL"
ANA L SANCHEZ
Notary Public, State of Illinois
My Commission Expires Sept. 23, 2025

Bret K. Pufahl, Esq. (6325814)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452
Email: bkp@fmcolaw.com

**FILED**

2/15/2022 12:44 PM
2022LA000015

*Lori Grubbs*
Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

## IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL DISTRICT
## DEKALB COUNTY, ILLINOIS

**MORGAN KUKOVEC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

     *Plaintiff,*

**v.**

**THE ESTÉE LAUDER COMPANIES INC.,**

     *Defendant.*

Case No.: 2022LA000015

Judge:

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Morgan Kukovec (hereinafter, "Plaintiff"), who brings this Class Action Complaint individually and on behalf of all other similarly situated individuals against Defendant The Estée Lauder Companies Inc. (hereinafter, "Defendant"), pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* Plaintiff files suit to remedy Defendant's unlawful collection, storage, and use of Plaintiff's and the proposed class's biometrics without their informed written consent through the Virtual Try-On tool offered on Defendant's websites.

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Morgan Kukovec resides in West Chicago, Illinois.

2.    Defendant The Estée Lauder Companies Inc. is incorporated in the State of Delaware with its principal place of business in New York, New York.

3.    Jurisdiction is proper in this Court because Plaintiff is a citizen of Illinois and Defendant purposefully availed itself of the laws, protections, and advantages of Illinois by conducting business in this State, and within every County in this State, with consumers like Plaintiff.

**NOTICE**
BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE TO BE CONDUCTED AT THE DEKALB COUNTY COURTHOUSE, SYCAMORE, IL IN ACCORDANCE WITH SUPREME COURT RULE 218 BEFORE JUDGE _____ ON _____ AT _____
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED

WALL 6-B
05/03/2022  9:00 AM

1

4. Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because the transactions or some part thereof out of which this cause of action arose occurred in this county.

## THE BIPA LEGAL FRAMEWORK

5. The Illinois General Assembly enacted BIPA to protect the privacy rights of consumers in Illinois.

6. In enacting BIPA, the General Assembly found that the sensitivity of biometric information and identifiers warrants heightened protection of this information when companies collect it from consumers like Plaintiff. Specifically, the General Assembly found that "[b]iometrics are unlike other unique identifiers" like social security numbers because they are "biologically unique to the individual" and cannot be changed if compromised. 740 ILCS 14/5(c). Thus, an individual whose biometrics are compromised "has no recourse" and "is at heightened risk for identify theft." *Id.* Moreover, said the General Assembly, "[t]he full ramifications of biometric technology are not fully known." *Id.* § 14/5(e). Therefore, "[t]he public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* § 14/5(f).

7. BIPA defines "biometric identifiers" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *Id.* § 14/10.

8. "Biometric information" is identified as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers. *Id.*

9. Accordingly, BIPA requires "private entities" like corporations that collect certain biometric identifiers or biometric information to take a number of specific steps to safeguard

consumers' data; inform consumers of the entities' uses, retention of, and destruction of their biometrics; and obtain informed consent before collecting such data.

10. With respect to safeguarding biometrics, BIPA requires that private entities in possession of biometric identifiers or biometric information must:

> [D]evelop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

*Id.* § 14/15(a).

11. Further, BIPA requires that any private entity in possession of biometric identifiers or biometric information must safeguard such data "using the reasonable standard of care within the private entity's industry" and must "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." *Id.* § 14/15(e).

12. With respect to informed consent, BIPA provides:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

3

*Id.* § 14/15(6).

13.     Further, BIPA provides: "No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." *Id.* § 14/l1(c).

14.     Under BIPA, a private entity is prohibited from disclosing, redisclosing, or otherwise disseminating a consumer's biometric identifier or biometric information unless the consumer has consented to the disclosure or redisclosure. *Id.* § 14/15(d).

15.     BIPA provides for statutory damages, injunctive relief, reasonable attorney's fees and costs, and other relief "as the State or federal court may deem appropriate" when a private entity violates a consumer's rights under the statute. *Id.* § 14/20. Where a violation is the result of negligence, BIPA provides for the greater of actual damages or $1,000 in liquidated damages per violation, and if the violation was intentional or reckless, the greater of actual damages and liquidated damages of $5,000 per violation. *Id.*

**DEFENDANT COLLECTS BIOMETRICS THROUGH THE VIRTUAL TRY-ON TOOL**

16.     Defendant is a makeup company that markets a variety of products, alone and through its subsidiaries including, as relevant here, the "Too Faced," M·A·C Cosmetics, Smashbox, Estee Lauder, and Bobbi Brown Cosmetics brands.

17.     Defendant sells its makeup products in brick-and-mortar retail shops and drugstores and through its many websites, including toofaced.com, maccosmetics.com, smashbox.com, esteelauder.com, and bobbibrowncosmetics.com.

18.     On its websites, Defendant offers a virtual try-on tool to consumers who visit the site.

19.    When consumers view a product for which the virtual try-on tool is available, Defendant invites them to access the virtual try-on tool by presenting a "Try It On" button that appears under the photo of the product being viewed.



20.    When consumers click "Try It On" from a specific product's page, a pop-up appears in which they can use their web or phone camera to display a real-time photograph of themselves or upload a photo previously saved to their device.



21.    If the user clicks "Live Camera," the virtual try-on tool activates their webcam automatically, so that their real-time image appears immediately. Once the webcam is on, users have two ways to "try-on" the products. Users may allow the virtual try-on tool to overlay the product on the user's entire face or, in the alternative, choose a split-screen option in which the product is shown on only half of the user's face to see a before and after effect.



22.     From there, consumers can download or post to social media websites the photo showing the product applied to their face.



23.     Upon information and belief, the Virtual Try-On tool that operates by capturing the facial geometry of users' photos, regardless of whether the photo is taken by web or phone camera while using the Virtual Try-On tool, uploaded to the tool, or captured via a live web or phone camera feed. These facial-geometry scans are used to identify the shape and features of the user's face in order to accurately overlay the virtual makeup product onto the image provided. According to a similar developer, the virtual try-on application uses "highly accurate 3D facial micro-feature tracking" and "is one of the most precise real-time facial micro-features video tracking and analysis technologies in the world."[1]

---

[1] https://modiface.com/#product

24.     Defendant does not inform consumers who use the Virtual Try-On tool in writing that it is capturing or collecting facial geometry or the specific purpose and length of term for which it is collecting, storing, or using such data, which is a biometric identifier specifically protected by BIPA. Nor does Defendant obtain consumers' informed written consent before capturing or collecting such data.

25.     Sometimes, when users access the Virtual Try-On tool, Defendant provides a rudimentary pop-up notification on its websites that reads, "your image will be used to provide you with the virtual try-on experience and to help with product selection. For information about our privacy practices, please read our Privacy Policy."

 

26.     The pop-up notification above does not inform the user how the user's *facial geometry* (a biometric identifier protected by BIPA) is collected, used, or retained in order to allow

9

the Virtual Try-On tool to operate or otherwise. And the notification says nothing about biometric information or identifiers or provide notice to the user that their biometrics are being collected, as required by BIPA.

27.     Thus, Defendant's cursory pop-up notification fails to provide the proper and relevant disclosures as required by BIPA. Specifically, Defendant's pop-up notification does not:

a.  inform the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

b.  inform the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

c.  provide a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

28.     Further and in any event, Defendant does not make publicly available a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers or biometric information obtained from consumers, as required by BIPA.

29.     Upon information and belief, Defendant has not developed a written policy establishing retention schedules and guidelines for permanently destroying consumers' biometrics and does not destroy such data within the timeframes established by BIPA.

30.     Furthermore, Defendant's "Privacy Policy," which was last updated in August 2021, does not provide any additional information or disclosures relevant to the Virtual Try-On tool.[2]

**PLAINTIFF-SPECIFIC ALLEGATIONS**

---

[2] https://www.toofaced.com/privacy-policy

10

31.     Plaintiff is a resident of West Chicago, Illinois.

32.     On or around December 30, 2021, Plaintiff visited the "Too Faced" website. While on the Too Faced website, Plaintiff used the Virtual Try-On tool to see what various products would look like if Plaintiff were to use them.

33.     Specifically, Plaintiff tested various foundations, including but not limited to "Undetectable, Flawless Coverage Foundation – Golden Beige."

34.     After trying on various products, Plaintiff decided not to purchase any products. As such, Plaintiff did not set up an account on the Too Faced website.

35.     Each time Plaintiff used the Virtual Try-On tool, Defendant captured and collected her facial geometry.

36.     Upon information and belief, Defendant also stored her facial geometry for an unspecified period of time after Plaintiff used the Virtual Try-On tool.

37.     When Plaintiff accessed the Virtual Try-On tool on Defendant's website, she received the pop-up notification described above regarding the use of the tool.

38.     As discussed above, Defendant's pop-up notification failed to meet the requirements of BIPA, as it did not inform Plaintiff in writing that it was capturing, collecting, storing, or using scans of her facial geometry; did not inform her in writing of the specific purpose and length of time for which her facial geometry was being collected, stored, or used; and did not obtain a written release from Plaintiff authorizing Defendant to collect, store, or use her facial geometry.

39.     Plaintiff has never been informed of the specific purposes or length of time for which Defendant collected, stored, or used her facial geometry; any biometric data retention policy

11

developed by Defendant; or whether Defendant will ever permanently delete her biometrics. Defendant has not made any of this information available to the public.

40.    Plaintiff does not know whether Defendant has destroyed—or will destroy—the biometrics collected from her.

## CLASS ALLEGATIONS

41.    Plaintiff brings this action on behalf of himself and, pursuant to 735 ILCS 5/2-801, on behalf of a class of similarly situated individuals (hereinafter "the Class") defined as follows:

**All persons whose biometric identifiers were captured by Defendant through use of the Virtual Try-On tool on Defendant's websites, including toofaced.com, maccosmetics.com, smashbox.com, esteelauder.com, and bobbibrowncosmetics.com, while residing in Illinois from five (5) years preceding the date of the filing of this action to the present.**

42.    Excluded from the class are Defendant's officers and directors, Plaintiff's counsel, and any member of the judiciary presiding over this action.

43.    Numerosity: Upon information and belief, there are more than forty class members, and individual joinder in this case is impracticable.

44.    Commonality and predominance: Multiple questions of law and fact are common to the class and predominate over any individualized questions. Common questions include, but are not limited to, whether Defendant has a practice of capturing, collecting, storing, or distributing consumer biometrics obtained through consumers' use of the Virtual Try-On tool on Defendant's website; whether Defendant has developed  and made publicly available a written policy establishing a retention schedule and guidelines for destroying consumer biometrics; whether Defendant obtained an executed written release from consumers whose faces were scanned using the Virtual Try-On tool on Defendant's websites before capturing their biometrics; whether

Defendant's practices violate BIPA; and whether Defendant's conduct was willful, reckless, or negligent.

45.     Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of all Class members. She has retained counsel with significant experience and achievements in complex class action litigation, she has no interests that are antagonistic to those of any Class members, and Defendant has no unique defenses unique to her.

46.     Appropriateness: A class action is an appropriate method for the fair and efficient adjudication of the controversy because it will resolve multiple issues common to the Class in a single stroke. Moreover, a class action would reduce the time and expense of litigation and promote judicial economy by jointly resolving a large number of individual claims that would otherwise be litigated separately in duplicative proceedings.

**COUNT I**
**VIOLATION OF 740 ILCS 14/15(b)**
**Failure to Inform in Writing and Obtain Written Release from Consumers Prior to Capturing, Collecting, or Storing Biometric Identifiers**
**Damages and Injunctive Relief**
***Alleged on Behalf of Plaintiff Individually and on Behalf of the Class***

47.     Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs.

48.     The Virtual Try-On tool operates by capturing the facial geometry of consumers like Plaintiff and Class members.

49.     Facial geometry is a biometric identifier protected by BIPA.

50.     BIPA prohibits private entities like Defendant from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining consumers' biometric identifiers or biometric information without first informing them in writing of such activities; informing them in writing of the specific purpose and length of term for which biometric identifiers or biometric

information are being collected, stored, and used; and obtaining a written release executed by consumers whose biometric identifiers or biometric information is being collected.

51.     Defendant did not provide any of these required written disclosures or obtain the required written release from Plaintiff or Class members prior to collecting, storing, or using their facial geometry data obtained through use of the Virtual Try-On tool.

52.     As a result, Defendant has invaded the privacy of Plaintiff and Class members and unlawfully collected, used, and benefitted from their biometric identifiers while failing to provide them with the lawfully required notice of such collection and use.

53.     Accordingly, Defendant has violated BIPA. These violations have harmed Plaintiff and Class members; accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA.

54.     Moreover, an injunction is warranted pursuant to 740 ILCS 14/20(4). Upon information and belief, Defendant currently possesses Plaintiff's and Class members' biometrics and may be using or distributing them to third parties without Plaintiff's or Class members' permission. Such a violation of privacy constitutes irreparable harm for which there is no adequate remedy at law.

55.     Absent injunctive relief, Defendant is likely to continue storing Plaintiff's and Class members' biometrics.

56.     Accordingly, Plaintiff seeks an order requiring Defendant to obtain a written release from any individual prior to the capture, collection, or storage of that individual's biometric identifiers or biometric information.

14

57.     Further, Plaintiff seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and Class members' biometrics, how Defendant uses Plaintiff's and Class members' biometrics, and the identities of any third parties with which Defendant shared those biometrics.

58.     WHEREFORE, Plaintiff, individually and on behalf of the Putative Class, requests an order granting the following relief:

a.  Finding that this action satisfies the requirements for maintenance as a class action as set forth in 735 ILCS 5/2-801, et seq. and certifying the class defined herein;

b.  Appointing Plaintiff as representative of the Class and the undersigned counsel as class counsel;

c.  Entering judgment in favor of Plaintiff and the Class against Defendant;

d.  Awarding Plaintiff and the Class liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for: each violation of BIPA;

e.  Issuing an injunction ordering Defendant to comply with BIPA going forward and disclose to Plaintiff and Class members whether Defendant possesses their biometrics, Defendant's uses of their biometrics; and Defendant's retention and destruction policies regarding their biometrics;

f.  Awarding reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as provided for in 740 ILCS 14/20; and

g.  Granting further relief as the Court deems appropriate.

**COUNT II**
**VIOLATION OF 740 ILCS 14/15(a)**
**Failure to Develop and Make Publicly Available a Written Policy for Retention and Destruction of Biometric Identifiers**
**Damages and Injunctive Relief**
***Alleged on Behalf of Plaintiff Individually and on Behalf of the Class***

59.     Plaintiff re-alleges and incorporates the allegations in the paragraphs above.

15

60.     The Virtual Try-On tool operates by capturing the facial geometry of consumers like Plaintiff and Class members.

61.     Facial geometry is a biometric identifier protected by BIPA.

62.     BIPA requires private entities, like Defendant, in possession of biometric identifiers or biometric information to develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

63.     Upon information and belief, Defendant did not develop or possess such a written policy at any time during its collection, storage, and use of Plaintiff's and Class members' facial geometry data obtained through use of the Virtual Try-On tool on Defendant's websites.

64.     As a result, Defendant denied Plaintiff and Class members their right under BIPA to be made aware of Defendant's retention and destruction policies as to their biometric identifiers. Additionally, Defendant's failure to develop the required retention and destruction policies placed Plaintiff and Class members' sensitive biometric identifiers at risk of compromise or illicit use.

65.     Accordingly, Defendant has violated BIPA. These violations have harmed Plaintiff and Class members; accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA.

66.     Moreover, an injunction is warranted pursuant to 740 ILCS 14/20(4). Upon information and belief, Defendant currently possesses Plaintiff's and Class members' biometrics and have not developed a BIPA-compliant policy for the retention and destruction of those

biometrics. This failure to maintain a proper policy could place Plaintiff's and Class members' sensitive biometric identifiers at risk of compromise or illicit use on a continuing basis. It also deprives Plaintiff's and Class members' right under BIPA to be apprised of Defendant's policy for retaining and destroying biometrics.

67.     Absent injunctive relief, Defendant is likely to continue storing Plaintiff's and Class members' biometrics without implementing a retention and destruction policy for those biometrics that satisfies BIPA's requirements.

68.     Accordingly, Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing any specific purpose and length of term for which consumers' biometrics have been collected, captured, stored, obtained, or used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

69.     Plaintiff further seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and Class members' biometrics and if, when, and how those biometrics were destroyed.

70.     WHEREFORE, Plaintiff, individually and on behalf of the Putative Class, requests an order granting the following relief:

a.   Finding that this action satisfies the requirements for maintenance as a class action as set forth in 735 ILCS 5/2-801, et seq. and certifying the class defined herein;

b.   Appointing Plaintiff as representative of the Class and the undersigned counsel as class counsel;

c.   Entering judgment in favor of Plaintiff and the Class against Defendant;

d. Awarding Plaintiff and the Class liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for: each violation of BIPA;

e. Issuing an injunction ordering Defendant to comply with BIPA going forward and disclose to Plaintiff and Class members whether Defendant possesses their biometrics, Defendant's uses of their biometrics; and Defendant's retention and destruction policies regarding their biometrics;

f. Awarding reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as provided for in 740 ILCS 14/20; and

g. Granting further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,

Dated: February 15, 2022

By: Elizabeth C. Chavez, Esq.
Elizabeth C. Chavez, Esq. (6323726)
Bret K. Pufahl, Esq. (6325814)
Kathleen C. Chavez, Esq. (6255735)
Robert Foote, Esq. (3124325)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452
Email: ecc@fmcolaw.com
bkp@fmcolaw.com
kcc@fmcolaw.com
rmf@fmcolaw.com

Hassan A. Zavareei (*Pro Hac Vice application forthcoming*)
hzavareei@tzlegal.com
Glenn E. Chappell (*Pro Hac Vice application forthcoming*)
gchappell@tzlegal.com
Allison W. Parr (*Pro Hac Vice application forthcoming* )
aparr@tzlegal.com
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, DC 20036

18

(202) 973-0900 (*telephone*)
(202) 973-0950 (*facsimile*)

COUNSEL FOR THE PLAINTIFF AND THE
PUTATIVE CLASS