IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MORGAN KUKOVEC**, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>**THE ESTÉE LAUDER COMPANIES INC.**,<br><br>  Defendant. | Case No. 1:22-cv-01988<br><br>Hon. Manish S. Shah<br><br>Magistrate Judge Young B. Kim |

**DEFENDANT THE ESTÉE LAUDER COMPANIES, INC.'S MOTION TO DISMISS**

Defendant The Estée Lauder Companies, Inc. ("Estée Lauder") hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) to dismiss with prejudice the putative class action Complaint filed by Plaintiff Morgan Kukovec ("Plaintiff"). In support of its Motion, Estée Lauder states as follows:

1. Plaintiff claims that she visited the website for Estée Lauder's Too Faced brand, tested various foundations by employing a tool that allowed her to virtually "try on" these cosmetics, and that in that process, she believes her facial geometry was collected or captured in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

2. As an initial matter, Plaintiff's suit against Estée Lauder fails because the Court lacks personal jurisdiction over Estée Lauder. Estée Lauder is not "at home" in Illinois, and Plaintiff alleges no contacts between Estée Lauder and Illinois relating to this suit beyond Plaintiff's purported one-time use of a "Virtual Try-On" tool from Estée Lauder's Too Faced website. Plaintiff's alleged decision to initiate a voluntary visit to the Too Faced website and to use a Virtual Try-On tool—a geography-neutral application that operates the same for any customer who chooses to access and engage with it, regardless of the customer's physical

location—does not establish the requisite minimum contacts to support personal jurisdiction. Estée Lauder's declaration in support of this motion further demonstrates and confirms that Estée Lauder does not host the Virtual Try-On tool and the tool does not run on an Estée Lauder server or a server that Estée Lauder controls. These facts, among others, disprove the existence of the necessary jurisdictional nexus needed to hale Estée Lauder into an Illinois court under BIPA.

3. Additionally, the Court should dismiss Plaintiff's claims because, as provided by the Terms and Conditions plainly displayed on the Too Faced website, arbitration is the only forum in which Plaintiff can bring her claims and Plaintiff waived her right to assert claims on behalf of a class.

4. Further, even if there was personal jurisdiction over Estée Lauder here (there is not), and venue was appropriate (it is not), Plaintiff's Complaint fails because her claims are facially insufficient. Among other things, the Complaint lacks any plausible factual allegations showing that Estée Lauder collected, captured, stored, possessed, or otherwise obtained Plaintiff's biometric identifiers or information when she tested different foundation cosmetic products on the Too Faced website. Instead, Plaintiff submits conclusory allegations devoid of further factual enhancement and fails to include any specific allegations as to what Estée Lauder actually did to purportedly collect or possess Plaintiff's biometric data. While Plaintiff quotes and references the alleged tracking performed by a separate and unrelated company, *see* Compl. ¶ 23 & n.1, she at the same time admits it has no association with Estée Lauder and does not explain why what this other entity is purportedly doing or saying has any relevance to her claims against Estée Lauder. There is no basis for Plaintiff's suggestion that the Court impute purported third-party conduct onto Estée Lauder here.

5. Finally, Plaintiff's Complaint must be dismissed for lack of standing to the extent it is based on purported violations of BIPA relating to the use of a Virtual Try-On tool on any website other than the Too Faced website—the only website that Plaintiff claims to have visited. Plaintiff has failed to meet Article III standing requirements to maintain a putative class action against Estée Lauder for any claims relating to the websites maccosmetics.com, smashbox.com, esteelauder.com, bobbibrowncosmetics.com, or any other of Estée Lauder brands' websites.

6. In support of its Motion, Estée Lauder has filed its Memorandum of Law in Support of its Motion to Dismiss, which is incorporated herein by reference.

WHEREFORE, Defendant The Estée Lauder Companies, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint, and grant such other relief that this Court deems proper and just.

Dated: May 27, 2022

Respectfully submitted,

/s/ Gregory E. Ostfeld
Gregory E. Ostfeld
Christopher A. Mair
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Email: ostfeldg@gtlaw.com
Email: mairc@gtlaw.com

Sylvia E. Simson (*Pro Hac Vice forthcoming*)
Daniel I.A. Smulian (*Pro Hac Vice forthcoming*)
**GREENBERG TRAURIG, LLP**
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Email: simsons@gtlaw.com
Email: smuliand@gtlaw.com

                                                                         _____

*Attorneys for The Estée Lauder Companies, Inc.*

## **CERTIFICATE OF SERVICE**

  I, Christopher A. Mair, an attorney, hereby certify that on May 27, 2022, I caused the foregoing **DEFENDANT THE ESTÉE LAUDER COMPANIES, INC.'S MOTION TO DISMISS** to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties.

                *Christopher A. Mair*
                Christopher A. Mair