IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MORGAN KUKOVEC**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE ESTÉE LAUDER COMPANIES INC.**,<br><br>Defendant. | Case No. 1:22-cv-01988<br><br>Hon. Manish S. Shah<br><br>Magistrate Judge Young B. Kim |

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

In accordance with the Court's November 11, 2022 Order (Dkt. No. 42), Plaintiff Morgan Kukovec ("Kukovec" or "Plaintiff") and Defendant The Estée Lauder Companies, Inc. ("Estée Lauder" or "Defendant") (together, Plaintiff and Estée Lauder are referred to herein as the "Parties") submit this Joint Report and state as follows:

1. **The Nature of the Case**

   a. **Attorneys of Record**

   **For Plaintiff Morgan Kukovec:**

   Hassan A. Zavareei (*Pro Hac Vice*) *(Co-Lead Trial Attorney)*
   Glenn E. Chappell (*Pro Hac Vice*)
   Allison W. Parr (*Pro Hac Vice)*
   Shana H. Khader (*Pro Hac Vice Forthcoming*)
   Tycko & Zavareei LLP
   **2000 Pennsylvania Avenue NW**
   Suite 1010
   Washington, DC 20006

   Elizabeth C. Chavez
   Bret K. Pufahl
   Peter L. Currie
   Kathleen C. Chavez *(Co-Lead Trial Attorney)*
   Robert M. Foote
   **Foote, Mielke, Chavez & O'Neil, LLC**

10 W. State Street
Suite 200
Geneva, IL 60134

**For Defendant The Estée Lauder Companies, Inc.:**

Gregory E. Ostfeld *(Co-Lead Trial Attorney)*
Christopher A. Mair
**Greenberg Traurig, LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

Sylvia E. Simson (*Pro Hac Vice*) *(Co-Lead Trial Attorney)*
Daniel I.A. Smulian *(Pro Hac Vice Forthcoming)*
**Greenberg Traurig, LLP**
One Vanderbilt Avenue
New York, New York 10017

b. **Basis for Federal Jurisdiction**

This action was originally filed in the Circuit Court of DeKalb County, Illinois, with a Complaint dated February 15, 2022. Estée Lauder removed this action to this court on March 18, 2022. (Dkt. No. 1).

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), which is the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil action in which the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (i.e., minimal diversity). *See* 28 U.S.C. § 1332(d).

c. **Nature of the Claims Asserted in the Complaint**

*Plaintiff's Complaint*

This is a putative class action data privacy case brought on behalf of an Illinois resident and on behalf of other proposed Class members who used the Virtual Try-On feature available on Defendant's website. Plaintiff asserts two claims against Estée Lauder for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

***Count I:*** The Complaint alleges that Estée Lauder violated Section 15(b) of BIPA by collecting, capturing, or storing Plaintiff's and proposed Class members' biometric information without first providing notice to Plaintiff and proposed Class members and obtaining Plaintiff's and proposed Class members' written consent.

2

***Count II:*** The Complaint alleges that Estée Lauder violated Section 15(a) of BIPA by failing to develop a written policy that established a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information that were allegedly collected by Defendant.

*Estée Lauder's Response*

Although there is only one named Plaintiff, the Complaint is styled as a putative class action. Estée Lauder denies any suggestion that class treatment is appropriate in this case.

Estée Lauder filed its Answer to the Complaint and Affirmative Defenses on December 16, 2022 (Dkt. No. 50), following this Court's issuance of a ruling granting in part and denying in part Estée Lauder's Motion to Dismiss ("MTD"). In its MTD decision, the Court dismissed Plaintiff's claim for intentional, willful, or reckless BIPA violations ($5,000 per statutory violation). *Kukovec v. Estée Lauder Cos.,* 2022 WL 16744196, at *8 (N.D. Ill. Nov. 7, 2022) (Dkt. No. 40).

In its Answer, Estée Lauder has generally denied Plaintiff's allegations and has specifically denied that it collects, captures, purchases, receives through trade, stores, uses, or otherwise obtains facial geometry, biometric identifiers, or biometric data or information.

*Jointly Submitted Additional Information*

At the date of this filing, there are no counterclaims or third-party claims.

**d. Major Legal and Factual Issues Anticipated**

The parties anticipate the following legal and factual issues may arise in this case, among others:

(1) Whether the "Virtual Try-On" tool, located on Defendant's websites as alleged in the Complaint, does "collect, capture, purchase, receive through trade, stores, distributes, or otherwise obtain a person's or a customer's biometric identifier or biometric information";

(2) Whether biometric information was collected, captured, purchased, stored, distributed, received through trade, or otherwise obtained through use of the Virtual Try-On tool found on Defendant's websites, as alleged in the Complaint;

(3) Whether Defendant retains any person's or customer's biometric identifiers or biometric information following use of the "Virtual Try-On" tool on its websites;

    (4)    Whether the Terms and Conditions on the Too Faced brand's website (or any other of Defendant's websites) apply in this case, including the class action waiver, mandatory arbitration, and New York choice-of-law provisions contained therein;

    (5)    Whether Plaintiff can otherwise prove the elements of their asserted claims;

    (6)    Whether Plaintiff can satisfy the requirements for certification of a class under Federal Rule of Civil Procedure 23; and

    (7)    Whether any asserted violations of BIPA, to the extent any such violations can be proven, were negligent.

    e.  **Relief Sought by Plaintiff**

*Relief Sought in the Complaint*

Plaintiff's Complaint seeks an Order (a) certifying a class as defined in the Complaint; (b) appointing Plaintiff as a representative of the Class and Plaintiff's counsel as class counsel; (c) entering judgment in favor of Plaintiff and the Class against Estée Lauder; (d) awarding Plaintiff and the Class damages for each purported BIPA violation; (e) issuing injunctive relief against Estée Lauder; and (f) awarding reasonable attorneys' fees and costs.

*Estée Lauder's Position as to Relief Requested*

Estée Lauder opposes each request for relief and notes that Paragraph 70(d) in the Prayer for Relief is no longer applicable or available to Plaintiff given the Court's ruling on the MTD and resultant dismissal of the $5,000/violation claims.

**2.**    **Pending Motions and Case Plan**

    a.  There are no pending motions currently before the Court. The parties expect to stipulate to a two-tier confidentiality order in the coming weeks and will jointly submit it to the Court to so-order.

    b.  The parties propose the following discovery plan for the Court's consideration:

- Rule 26(a)(1) Disclosure Deadline: **January 13, 2023**

- Plaintiff's Deadline to Provide Rule 26(a)(2) Disclosures and Any Expert Witness Summaries and Reports Pertaining to Class Certification: **April 10, 2023**

- Plaintiff's Deadline to Make Expert Witnesses Identified By April 10, 2023 Available for Deposition: **May 10, 2023**

- Defendant's Deadline to Provide Rule 26(a)(2) Disclosures and Any Expert Witness Summaries and Reports Pertaining to Class Certification: **June 26, 2023**

- Defendant's Deadline to Make Expert Witnesses Identified By June 26, 2023 Available for Deposition: **July 28, 2023**

- Completion of Discovery Served or Demanded On or Prior to July 21, 2023: **August 25, 2023**

- Plaintiff's Deadline to File Rule 23 Class Certification and Parties' Deadline to File Rule 702 Motions Relating to Identified Experts: **September 20, 2023**

    - Defendant's Deadline to File Opposition to Rule 23 Class Certification Motion and Parties' Deadline to Respond to Rule 702 Motions: **November 1, 2023**

    - Plaintiff's Reply in Support of Rule 23 Class Certification Motion and Parties' Deadline to File Replies in Support of Rule 702 Motions: **November 22, 2023**

- 14 days after the Court renders a decision on class certification motion – Motion for Any Additional Discovery Due and/or Parties May Jointly Stipulate to Additional Discovery to be Taken/Scheduled for Same

- Close of All Discovery, Including Fact and Expert Discovery: **March 27, 2024**

- Deadline for Rule 56 Motions and Motions to Limit or Exclude Expert Testimony: **April 17, 2024**

    - Oppositions to Rule 56 Motions and Motions to Limit or Exclude Expert Testimony: **May 15, 2024**

    - Replies in Support of Rule 56 Motions and Motions to Limit or Exclude Expert Testimony: **June 7, 2024**

- Deadline for Parties to Exchange Written Lists Containing Names and Addresses of All Witnesses Intended to be Called at Trial and Other Those Witnesses Listed Shall be Permitted to Testify: **October 4, 2024**

- Deadline for Joint Pretrial Stipulation, Deposition Designations, Proposed Jury Instructions, and/or Proposed Findings of Fact and Conclusions of Law: **October 4, 2024**

- Beginning of Trial Period: **November 4, 2024 or as soon thereafter the Court is available**

- - o Both parties have requested a jury trial. Plaintiff anticipates that a class action trial, should class certification be granted by the Court, will take no more than 5 business days. Defendant denies that class certification is appropriate and anticipates that an individual trial may take 10 business days. The parties both reserve the right to refine such estimates as the case progresses.

3. **Consent to Proceed Before a Magistrate Judge**

The parties do **_not_** consent unanimously to proceed before a Magistrate Judge.

4. **Status of Settlement Discussions**

The parties have engaged in preliminary discussions to see if there is a mutually agreeable way to resolve or dismiss this case. To date, such efforts have not been successful, but the parties continue to discuss the potential for individual case resolution.

The parties request a settlement conference with the Court.

Dated: December 23, 2022

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Bret K. Pufahl (with authorization)* | */s/ Gregory E. Ostfeld* |
| Elizabeth C. Chavez<br>Bret K. Pufahl<br>Peter L. Currie<br>Kathleen C. Chavez<br>Robert M. Foote<br>**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**<br>10 W. State Street, Suite 200<br>Geneva, IL 60134<br>Tel. No.: (630) 232-7450<br>ecc@fmcolaw.com<br>bkp@fmcolaw.com<br>plc@fmcolaw.com<br>kcc@fmcolaw.com<br>rmf@fmcolaw.com<br><br>Hassan A. Zavareei *(Pro Hac Vice)*<br>Glenn E. Chappell *(Pro Hac Vice)*<br>Allison W. Parr *(Pro Hac Vice)*<br>Shana H. Khader (*Pro Hac Vice Forthcoming*)<br><br>**TYCKO & ZAVAREEI LLP**<br>1828 L Street NW, Suite 1000<br>Washington, DC 20036<br>Tel. No.: (202) 973-0900<br>hzavareei@tzlegal.com<br>gchappell@tzlegal.com<br>aparr@tzlegal.com<br>skhader@tzlegal.com<br><br>*Attorneys for Plaintiff Morgan Kukovec* | Gregory E. Ostfeld<br>Christopher A. Mair<br>**GREENBERG TRAURIG, LLP**<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>Tel: (312) 456-8400<br>Email: ostfeldg@gtlaw.com<br>Email: mairc@gtlaw.com<br><br>Sylvia E. Simson (*Pro Hac Vice*)<br>Daniel I.A. Smulian (*Pro Hac Vice Forthcoming*)<br>**GREENBERG TRAURIG, LLP**<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Tel: (212) 801-9200<br>Email: simsons@gtlaw.com<br>Email: smuliand@gtlaw.com<br><br>*Attorneys for The Estée Lauder Companies, Inc.* |

## **CERTIFICATE OF SERVICE**

      I, Christopher A. Mair, an attorney, hereby certify that on December 23, 2022, I caused the foregoing **JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)** to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties.

                                                                      */s/ Christopher A. Mair*
                                                                      Christopher A. Mair